**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James M Mitchell,<br><br>        Plaintiff,<br><br>vs.<br><br>Silvia A. Mitchell,<br><br>        Defendant. | No. CIV 07-0934-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Plaintiff James M. Mitchell's Motion for Preliminary Injunction. After careful consideration, the motion will be **DENIED**.

Plaintiff, proceeding pro se, correctly concluded that the Electronic Communications Privacy Act of 1985, cited in his Complaint, permits relief in the form of injunctive relief. However, while the statute allows for injunctive relief, a request for injunctive relief must be made in accordance with Rule 65 of the Federal Rules of Civil Procedure. The Federal Rules provide that "[n]o preliminary injunction shall be issued without notice to the adverse party." Fed. R. Civ. P. 65(a)(1). The Rules also provide that in the event that Plaintiff desires emergency injunctive relief, he must establish by affidavit or verified complaint that immediate and irreparable injury, loss, or damage will result to him before the adverse party or that party's attorney can be heard in opposition. Moreover, Plaintiff must either provide notice to the adverse party or must certify to the Court in writing the efforts, if any, which have been made to give notice or the reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b).

Plaintiff's motion lacks compliance with Rule 65 of the Federal Rules of Civil Procedure for either preliminary or temporary relief because: (1) Plaintiff has not demonstrated that the adverse party has been served; (2) Plaintiff has not certified to the Court in writing the efforts, if any, which have been made to give notice to the adverse party; (3) Plaintiff has not certified to the Court in writing the reasons supporting the claim that notice should not be required; and (4) Plaintiff has not establish by affidavit or verified complaint that immediate and irreparable injury, loss, or damage will result to him before the adverse party or that party's attorney can be heard in opposition. Fed. R. Civ. P. 65.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction is **DENIED without prejudice**.

DATED this 8th day of May, 2007.

Stephen M. McNamee
United States District Judge