**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James M Mitchell, | No. CIV 07-0934-PHX-SMM |
| Plaintiff, | **ORDER** |
| vs. | |
| Silvia A. Mitchell, | |
| Defendant. | |

Currently pending before the Court is Defendant Silvia A. Mitchell's Motion to Dismiss (Doc. 10) *pro se* Plaintiff James M. Mitchell's Complaint, her Motion for Summary Disposition (Doc. 11), and Plaintiff's Motion to Strike Scandalous, Immaterial, and Impertinent Reference (Doc. 13) in Defendant's Motion to Dismiss.

Plaintiff filed his Complaint (Doc. 1) on May 5, 2007, and contemporaneously therewith, he filed a Motion for Preliminary Injunction (Doc. 3). On May 10, 2007, the Court denied without prejudice Plaintiff's Motion for Preliminary Injunction (Doc. 4). After being granted an extension of time to do so, Defendant filed her Answer to Plaintiff's Complaint (Doc. 9). On the same date, Defendant filed a Motion to Dismiss the first and third claims in Plaintiff's Complaint (Doc. 10). Thereafter, on July 3, 2007, Defendant filed a Motion for Summary Disposition and Notice of Non-Opposition (Doc. 11) pertaining to Plaintiff's failure to respond to Defendant's Motion to Dismiss. The Court then entered an

Order[1] (Doc. 12) on July 9, 2007, which provided Plaintiff additional time to respond to Defendant's Motion to Dismiss.[2] Instead of filing a Response to the Motion to Dismiss, on July 20, 2007, Plaintiff filed a Motion to Strike (Doc. 13) portions of Defendant's Motion to Dismiss and accompanying Memorandum of Points and Authorities. Plaintiff also filed a "Reply" to Defendant's Answer (Doc. 14). Finally, on July 25, 2007, Defendant filed a Reply in support of her Motion to Dismiss and an Opposition to Plaintiff's Motion to Strike (Doc. 15).

**I.     Motion to Strike**

In his Motion, Plaintiff moved to strike specific portions of Defendant's Motion to Dismiss on the grounds that the information provided was scandalous, immaterial, and impertinent (Doc. 13). It is well established in the Ninth Circuit that a motion to strike filed pursuant to Rule 12(f) permits the Court to strike pleadings, not motions. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike.") It is undisputed that Defendant's Motion to Dismiss (Doc. 10) is not a pleading, rather it is a motion under the Federal Rules. *See* Fed. R. Civ. P. 7 (distinguishing between pleadings and motions). Thus, Plaintiff is seeking relief that the Court is not permitted to grant under the Federal Rules.

Furthermore, in opposing a motion to dismiss, a party has the opportunity to assert its arguments in the form of a Response filed with the Court. Despite the fact that Plaintiff is *pro se*, the Court finds that he had sufficient notice of the possible results stemming from a failure to file the appropriate response. Plaintiff was specifically notified by means of an Order (Doc. 12) of this Court of the specific provisions of LRCiv 7.2, including the

---

[1] Said order included the necessary warnings required for pro se litigants. *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998).

[2] Plaintiff was ordered to file a Response no later than July 20, 2007, and Defendant was to thereafter file a Reply no later than August 3, 2007.

possibility of dismissal for failure to comply with the Federal or Local Rules.[3] Consequently, the Court finds that Plaintiff's Motion to Strike specific portions of Defendant's Motion to Dismiss is hereby **DENIED**.

**II.     Motion to Dismiss**

Defendant has moved this Court to dismiss Plaintiff's first and third claims for relief pursuant to Fed.R.Civ.P. 12(b)(6). This case arises out of a domestic relations dispute between the Plaintiff and Defendant, a married couple currently engaged in divorce proceedings in Florida. Plaintiff, who resides in Arizona, brought this suit because he objects to his wife's presentation of certain e-mail evidence to the Florida court.[4] In his Complaint, Plaintiff alleged that Defendant intercepted his email messages by unlawfully accessing his email account and printing out messages from that account. Rather than dispute the presentation of this evidence in the Florida court, where, it is this Court's opinion, the issues would be both more appropriately raised, Plaintiff initiated a new federal lawsuit in this district on the grounds that his wife's conduct in the divorce case allegedly constitutes a violation of federal law.

**STANDARD OF REVIEW**

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding a Motion to Dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. *W. Mining Council v. Watt*,

---

[3] No where in the Order did the Court mention the possibility of filing a Motion to Strike as a mechanism for responding to the pending Motion to Dismiss.

[4] The emails allegedly contain solicitations of prostitutes and his placement of online personals ad that were all posted during the course of the parties' marriage.

- 3 -

643 F.2d 618, 624 (9th Cir. 1981).  A court may dismiss a claim either because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).

**Discussion**

Plaintiff has not offered any substantive response in opposition to this motion to dismiss. Consequently, Defendant contends that her Motion should be granted on two grounds: (1) this Court's Local Rules, which provide that failure to file "the required answering memoranda" shall be deemed consent to the granting of the motion, and (2) the governing authority cited by defendant in her motion to dismiss.

On June 6, 2007, Defendant moved to dismiss Plaintiff's first and third claims for relief pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Response was due on June 25, 2007, but no Response was filed by that deadline. On July 9, 2007, the Court gave notice to plaintiff of Defendant's Motion to Dismiss and ordered that Plaintiff would have until July 20, 2007 to file a Response to defendant's motion. The Court also informed Plaintiff of LRCiv 7.2(i), which permits the Court to dispose of a motion summarily if the opposing party "does not serve and file the required answering memoranda." (Doc. 12).  On July 20, 2007, Plaintiff filed two documents with the Court. Plaintiff filed the aforementioned "Motion to Strike Scandalous, Immaterial, and Impertinent Reference" (Doc. 13). Nothing in Plaintiff's Motion to Strike, however, addressed the legal or substantive arguments set forth in Defendant's moving papers.  In particular, it did not address or dispute the governing legal authority cited in Defendant's moving papers or the deficiencies in Plaintiff's Complaint. Also on that date, Plaintiff filed a document entitled "Reply" (Doc. 14)  that responded to certain affirmative defenses and allegations in Defendant's Answer. Neither of the documents filed by Plaintiff constitutes the required answering memorandum

- 4 -

highlighted by the Court's July 9, 2007 Order. Despite the clear warning from the Court to respond to Defendant's motion, Plaintiff has failed to file a Response to the motion.

Even assuming Plaintiff had properly filed the answering memorandum, claim one is due to be dismissed based on clear Ninth Circuit precedent. According to Plaintiff, Defendant violated the Wiretap Act by *intercepting* his "private electronic communications," which consist of email messages sent or received by Plaintiff and printouts of Plaintiff's electronic mail inbox and trash can. (Comp. ¶¶ 10, 17). As amended, the Wiretap Act makes it an offense to "intentionally intercept[] . . . any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a). Any person whose communications are intercepted in violation of this section may bring a civil action against the offender pursuant to 18 U.S.C. § 2520(a). It is well established in the Ninth Circuit that non-contemporaneous retrievals of electronic communications, such as those alleged in the Complaint, are specifically excluded from the scope of the Wiretap Act. *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002)(for an electronic communication "to be 'intercepted' in violation of the Wiretap Act, it must be acquired during transmission, not while it is in electronic storage). Applying this precedent, the Ninth Circuit has affirmed the dismissal of Wiretap Act claims based on the disclosure of emails previously sent or received. *See Theofel v. Farey-Jones*, 341 F.3d 978, 986 (9th Cir. 2003) ("the district court correctly dismissed the claim" under the Wiretap Act arising from disclosure of e-mails previously sent and received).

Moreover, Plaintiff's third claim, alleging a violation of A.R.S.§ 13-3005, which is an Arizona statute substantially similar to the Wiretap Act, is due to be dismissed because once again Plaintiff fails to allege that Defendant actually intercepted Plaintiff's e-mails. Instead, Plaintiff alleges that Defendant accessed the emails after they were sent or received, not while they were being transmitted. For liability to be imposed under A.R.S.§ 13-3005, it must be shown that the Defendant "[i]ntentionally intercepted" communications. As Arizona courts have made clear, A.R.S. § 13-3005 covers the same ground as the Wiretap

- 5 -

Act. *See State v. Morrison*, 56 P.3d 63, 64 (Ariz. Ct. App. 2002) ("Both A.R.S. § 13-3005 and 18 U.S.C. § 2511 criminalize the unlawful interception of wire, electronic, and oral communications. . . ."). Further, case law interpreting this statute expressly refers to the actual interception or eavesdropping of communications, not to retrieval of prior communications that have already been sent or received. *See, e.g., Medical Lab. Management Consultants v. American Broadcasting Cos.*, 306 F.3d 806, 816 (9th Cir. 2002) (citing statute and noting that "Arizona law offers more limited protection against the electronic interception of oral communications"). Consequently, to state a claim under A.R.S. § 13-3005, Plaintiff must allege that Defendant actually intercepted e-mails, and Plaintiff has not done so in his Complaint.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Defendant's Motion to Dismiss claims one and three from Plaintiff's Complaint (Doc.10).

**IT IS FURTHER ORDERED DENYING** Plaintiff's Motion to Strike (Doc. 13).

**IT IS HEREBY ORDERED DENYING as MOOT** Defendant's Motion for Summary Disposition (Doc. 11).

DATED this 24th day of September, 2007.

*[signature]*
Stephen M. McNamee
United States District Judge

- 6 -