**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James M. Mitchell, | ) | No. CIV 07-0934-PHX-SMM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Silvia A. Mitchell, | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant Silvia A. Mitchell's Motion to Dismiss (Doc. 22), as well as Plaintiff James M. Mitchell's Motion to Dismiss (Doc. 24).

On January 14, 2008, defendant Silvia A. Mitchell moved to dismiss this action *with prejudice* pursuant to Rule 16(f) and Rule 41(b) of the Federal Rules of Civil Procedure, based on Plaintiff's failure to prosecute the case and his failure to comply with this Court's scheduling order. Shortly thereafter, on January 17, 2008, in lieu of filing a Response to the motion, Plaintiff filed his own voluntary Motion to Dismiss, wherein he requested that case be dismissed *without prejudice*. He did not provide the Court with any explanation as to the reason for dismissing the case, the reason for his failure to prosecute, or his failure to comply with this Court's Orders.

Despite the fact that the parties are in agreement that the case should be dismissed, the parties remain at odds as to whether the case should be dismissed with or without prejudice.

Defendant submits that the dismissal should be *with prejudice*, contending that dismissal would serve the interests of justice and would promote judicial efficiency, while Plaintiff motions for dismissal without prejudice, as well as without explanation.

Rule 16(f) and Rule 41(b) provide ample authority for dismissing a case when, as here, a plaintiff does not participate in a pretrial conference or fails to prosecute a case. Under Rule 16(f), the Court, upon motion or the judge's own initiative, may impose appropriate sanctions "[i]f a party or party's attorney fails to obey a scheduling or pretrial order" or "a party or party's attorney fails to participate in good faith" in a scheduling conference. Fed. R. Civ. P. 16(f). The sanctions available under Rule 16(f) include those provided in Rule 37(b)(2)(C), which allows for "dismissing the action or proceeding or any part thereof." *Id.* Likewise, a defendant may move for dismissal of an action under Rule 41(b) "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b).

In determining whether to impose sanctions under either of the aforementioned rules, the Court considers the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988); *Thompson v. The Housing Authority of the City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

The Court finds that since the commencement of this case, Plaintiff has made a less than genuine effort to prosecute this case.  After explicit direction from the Court (Doc. 12), Plaintiff continued to ignore the mandates of the Federal and Local Rules, and in response to Defendant's Motion to Dismiss, Plaintiff filed two separate documents in apparent opposition to Defendant's motion to dismiss, neither of which comported with the Local or Federal Rules of Civil Procedure, and neither of which comported with the Court's previous

warning. Moreover, Plaintiff failed to notify the Court of preparedness for a Rule 16 Conference, and instead, the Defendant did so, during which time Defendant attempted to contact Plaintiff in order to comply with the Court's Order regarding filing a Proposed Case Management Plan.  Plaintiff failed to make contact with Defendant and failed to respond to contact made by Defendant regarding the Rule 16 Conference.  It wasn't until Defendant filed a Motion to Dismiss for Failure to Prosecute wherein Defendant illustrated the numerous attempts made to communicate with Plaintiff regarding the case and the impending Rule 16 Conference, that Plaintiff responded by filing his own Motion to Dismiss.[1]   The Court finds that the public's interest in expeditious resolution of litigation and this Court's need to manage its docket are  both served by dismissing this case *with prejudice*.

Moreover, the Court finds that the risk of prejudice to the Defendant far outweighs the public policy favoring disposition of cases on their merits.  *Id*.  Plaintiff is a physician residing in Arizona, whereas Defendant was previously a housewife, unemployed outside of the house, and is now living in Florida, supporting the parties' two children, working, and attending school.  Given the economic disparity, the inconvenience of the forum to the Defendant, as well as the fact that Plaintiff has Arizona counsel that has agreed to represent her in this case pro bono, but is not guaranteed to find counsel to do so again in the future if Plaintiff were permitted to re-file in another jurisdiction, a dismissal with prejudice is appropriate in light of the possibility that plaintiff would seek to re-file the action elsewhere.

The Court has had this case on its docket for nearly a year and has already issued a detailed, substantive order disposing of the majority of the case against Defendant. In light of the Court's familiarity with the action and the parties, it would be inefficient and a waste

---

[1]The Court notes that it essentially took Plaintiff filing a Motion for Summary Disposition, a Notice of Preparedness for a Rule 16, and two Motions to Dismiss, for this case to proceed.

- 3 -

1  of scarce judicial resources to allow for the possibility of Plaintiff re-filing the case before

2  a new judge in another court.

3         Finally, as reflected in the docket, Plaintiff's failure to participate in this case limits

4  the effectiveness of less drastic sanctions. *See DeRienzo v. Yavapai County*, No. CIV-05-

5  2088-PCT-SMM, 2006 U.S. Dist. LEXIS 77129, at *6 (D. Ariz. Oct. 20, 2006) ("With

6  respect to the availability of less drastic alternatives, there is no sanction the Court could

7  impose that would compel Plaintiff to participate in the litigation.").

8                              **CONCLUSION**

9         **IT IS HEREBY ORDERED GRANTING** Defendant Silvia A. Mitchell's Motion

10  to Dismiss (Doc. 22).

11        **IT IS FURTHER ORDERED GRANTING in part and DENYING in part**

12  Plaintiff James M. Mitchell's Motion to Dismiss (Doc. 24).  It is granted insofar as the case

13  is dismissed, it is denied insofar as it is **dismissed with prejudice**.

14        **IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case.

15        DATED this 24th day of January, 2008.

16

17

18                              _____
                                Stephen M. McNamee
19                              United States District Judge

20

21

22

23

24

25

26

27

28                                    - 4 -